UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HARRIS,<br><br>                            Petitioner,<br><br>vs.<br><br>LARRY SMALL, et al.,<br><br>                          Respondents. | Civil No.   11-2113 WQH (POR)<br><br>**ORDER DISMISSING PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS** |

      On September 12, 2011, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has not filed a request to proceed in forma pauperis and has not paid the filing fee. Because the Court is dismissing this case for failing to state a cognizable claim on habeas corpus, the Court does not rule on Petitioner's in forma pauperis status.

      Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists problems he claims he is facing in prison. Specifically, Petitioner claims: that "Calipatria State Prison officials . . . used unnecessary and wanton force on Petitioner as punishment" when he challenged an inmate housing assignment. (Pet. at 3.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or

/ / /

1  duration of confinement.  *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500
2  (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

3  Challenges to the fact or duration of confinement are brought by petition for a writ of
4  habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are
5  brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  *See Preiser*, 411 U.S. at 488-500.
6  When a state prisoner is challenging the very fact or duration of his physical imprisonment, and
7  the relief he seeks is a determination that he is entitled to immediate release or a speedier release
8  from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Id.* at 500.  On the
9  other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional
10 challenge to the conditions of his prison life, but not to the fact or length of his custody.  *Id.* at
11 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).
12 "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*,
13 376 F. Supp. 284, 285 (D. Ariz. 1974).

14 In no way does Petitioner claim his state court conviction violates the Constitution or laws
15 or treaties of the United States.  Rule 4 of the Rules Governing Section 2254 Cases provides for
16 summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
17 any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4,
18 28 U.S.C. foll. § 2254.  Here, it is plain from the petition that Petitioner is not presently entitled
19 to federal habeas relief because he has not alleged that the state court violated his federal rights.
20 It appears that Petitioner challenges the conditions of his prison life, but not the fact or length
21 of his custody.  Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

## **CONCLUSION**

23 Based on the foregoing, the Court **DISMISSES** this case without prejudice for failure to
24 state a cognizable claim on habeas corpus.  ***The Clerk of Court is directed to mail Petitioner a***
25 / / /
26 / / /
27 / / /
28 / / /

1 *blank civil rights complaint form pursuant to 42 U.S.C. § 1983 together with a copy of this*
2 *Order.*

3 **IT IS SO ORDERED.**

5 DATED: September 16, 2011

6 _____
**WILLIAM Q. HAYES**
United States District Judge